**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MICHIGAN TECHNICAL**
**REPRESENTATIVES, INC.,**
A Michigan Corporation,

           Plaintiff,

v.

**MOLD-EX INC.,**
a Delaware Corporation, and
**SPECIALTY ELASTOMERS**
**TECHNOLOGIES, INC.,**
a Delaware Corporation,

           Defendants.
_____/

Case No.    04-73648

**HONORABLE DENISE PAGE HOOD**

**ORDER**
**1) WITHDRAWING MOTION FOR DEFAULT JUDGMENT &**
**2) GRANTING IN PART AMENDED MOTION FOR DEFAULT JUDGMENT**

This matter is before the Court for a finding of damages on Plaintiff's Motion for Default Judgment [Dkt. #63, filed November 7, 2007] against Defendant Mold-Ex, Inc ("Mold-Ex") and Plaintiff's Amended Motion for Default Judgment [Dkt. #69, filed January 15, 2008] against Mold-Ex. The Complaint alleges, among other things, that Mold-Ex intentionally failed to pay Plaintiff commissions, in violation of the Michigan Sales Representative Commissions Act ("SRCA"), MCL § 600.2961. Mold-Ex did not respond to either of the motions.

On October 31, 2007, the Court entered an Order of default and default judgment against Mold-Ex for failure to appear, and scheduled a hearing to determine damages pursuant to Fed. R. Civ. P. 55(b)(2). *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995) (noting that

after a district court enters a default judgment, it must ordinarily "hold an evidentiary proceeding in which the defendant has the opportunity to contest the amount of damages"). The damages hearing was held on January 16, 2008. Plaintiff's counsel, Thomas P. Casey, submitted an affidavit to the case docket on January 17, 2008, which states that he has a one-third contingency fee arrangement with Plaintiff.

At the hearing, Plaintiff indicated that it wished to withdraw its first Motion for Default Judgment in light of the submission of its Amended Motion for Default Judgment. In the Amended Motion, and at the hearing, Plaintiff indicated that it is entitled to a $970,906.00 damage award, which consists of $450,938.00 in commissions on sales from October 1, 2004 to October 1, 2006; $177,242.00 in commissions on sales from October 1, 2006 to July 13, 2007; $100,000 pursuant to the treble damages provision of the SRCA; and $242,726.66 pursuant to the attorneys' fees provision of the SRCA. The SRCA provides, in pertinent part:

> 4) All commissions that are due at the time of termination of a contract between a sales representative and principal shall be paid within 45 days after the date of termination. Commissions that become due after the termination date shall be paid within 45 days after the date on which the commission became due.
>
> (5) A principal who fails to comply with this section is liable to the sales representative for both of the following:
>
>> (a) Actual damages caused by the failure to pay the commissions when due.
>>
>> (b) If the principal is found to have intentionally failed to pay the commission when due, an amount equal to 2 times the amount of commissions due but not paid as required by this section or $100,000.00, whichever is less.
>
> (6) If a sales representative brings a cause of action pursuant to this section, the court

2

shall award to the prevailing party reasonable attorney fees and court costs.

MCL § 600.2961. The purpose of the SRCA is "to ensure that sales representatives in Michigan are paid the full commissions to which they are entitled." *Howting-Robinson Assocs., Inc. v. Bryan Custom Plastics*, 65 F. Supp. 2d 610, 613 (E.D. Mich. 1999) (citing *Walters v. Bloomfield Hills Furniture*, 228 Mich. App. 160 (1998)). The treble damages section of the SRCA, § 600.2961(5)(b), requires an intentional failure to pay a commission, but does not require evidence of bad faith. *Terry Barr Sales, L.L.C. v. Amcast Indus. Corp.*, 107 Fed. Appx. 629, 630 (6th Cir. 2004) (citing *In re Certified Question from U.S. Court of Appeals for Sixth Circuit*, 468 Mich. 109 (2003)). To receive reasonable attorney fees under § 600.2961(6), a plaintiff need only prevail on his intentional failure to pay commissions claim and does not need to prevail on other alternative theories of liability. *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 736 (E.D. Mich. 2000) (citing *H.J. Tucker & Assocs., Inc. v. Allied Chucker and Engineering Co.*, 595 N.W. 2d 176, 182 (Mich. Ct. App. 1999)).

The Court agrees that Plaintiff is entitled to $628,180.00 ($450,938.00 + $177,242.00) in commissions, for the sales which took place between October 1, 2004 and July 13, 2007. *See* MCL § 600.2961(5)(a). As alleged in the Complaint, Defendant intentionally failed to pay Plaintiff commissions before and after August 31, 2004. (Am. Compl. ¶ 9.) The Court also agrees that Plaintiff is entitled to $100,000.00 pursuant to § 600.2961(5)(b), because commissions are owed under § 600.2961(5)(a) and because $100,000.00 is less than two times the commissions owed to Plaintiff, or $1,256,360.00 (2 x $628,180.00).

Although the Court concludes that Plaintiff's counsel, Thomas P. Casey, is entitled to attorneys' fees pursuant to § 600.2961(6) because Plaintiff prevailed in this action, Mr. Casey's affidavit of attorneys' fees, as submitted, is not in compliance with Local Rule 54.1.2. Rule 54.1.2 provides, in pertinent part:

> (a) A motion for attorneys' fees . . . pursuant to Fed. R. Civ. P. 54(d)(2) must be filed no later than 28 days after entry of judgment.
>
> (b) A motion for an award of attorneys' fees shall be supported by a memorandum brief as to the authority of the court to make such an award, and as to why the movant should be considered the "prevailing party," if such is required for the award. **The motion shall also be supported by an affidavit of counsel setting out in detail the number of hours spent on each aspect of the case, the rate customarily charged by counsel for such work, the prevailing rate charged in the community for similar services, and any other factors which the court should consider in making the award.** Within 14 days after filing of the motion, the party or parties against whom the award is requested shall respond with any objections thereto and accompanying memorandum setting forth why the award is excessive, unwarranted, or unjust.

LR 54.1.2 (emphasis added). Mr. Casey's affidavit is not in compliance with Local Rule 54.1.2, because the affidavit merely sets forth his one-third contingent fee arrangement with Plaintiff and does not set forth his actual fees; that is, the affidavit does not include his hourly rate, the rate customarily charged for such work, the time he spent on the case, or any other factors which the Court should consider in making an award of attorneys' fees. Accordingly, the Court cannot award a specific amount of attorneys' fees at this time. If Mr. Casey wishes to further pursue an award of attorneys' fees, he may file a Local Rule 54.1.2 motion and supporting affidavit.

For the reasons stated above and those on the record on January 16, 2008,

IT IS HEREBY ORDERED that Plaintiff's Motion for Default Judgment [Dkt. #63, filed November 7, 2007] is WITHDRAWN.

IT IS FURTHER ORDERED that Plaintiff's Amended Motion for Default Judgment [Dkt.

#69, filed January 15, 2008] is GRANTED IN PART. Plaintiff is awarded a damage amount of $728,180.00 ($450,938.00 + $177,242.00 + $100,000.00).

                                                              s/ DENISE PAGE HOOD
                                                              DENISE PAGE HOOD
                                                              United States District Judge

DATED: February 6, 2008

       I hereby certify that a copy of the foregoing document was served upon counsel of record on February 6, 2008, by electronic and/or ordinary mail.

                                                              S/William F. Lewis
                                                               Case Manager