UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHIGAN TECHNICAL
REPRESENTATIVES, INC.,
A Michigan Corporation,

        Plaintiff,

v.

MOLD-EX INC.,
a Delaware Corporation, and
SPECIALTY ELASTOMERS
TECHNOLOGIES, INC.,
a Delaware Corporation,

        Defendants.
_____/

Case No.    04-73648

HONORABLE DENISE PAGE HOOD

## ORDER GRANTING MOTION FOR ATTORNEY FEES & DENYING MOTION FOR RECUSAL

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Attorney Fees [Dkt. # 73, filed February 26, 2008] and Plaintiff's Motion for Recusal [Dkt. # 80, filed June 2, 2008]. Defendant Specialty Elastomers, Inc. ("Specialty Elastomers") filed a responsive brief ("Response") to the recusal motion. No hearing on the motions was held.

**II.    FACTS**

This is a failure to pay sales commissions case that was initiated on September 20, 2004. On October 31, 2007, the Court entered an Order of default and default judgment against Defendant

Mold-Ex, Inc. ("Mold-Ex") for failure to appear, and scheduled a hearing to determine damages pursuant to Fed. R. Civ. P. 55(b)(2). The damages hearing was held on January 16, 2008. In a February 6, 2008 Order, the Court awarded Plaintiff past commissions and damages against Defendant Mold-Ex. The Court did not award attorney fees. The Court found that an award of attorney fees was proper, but that Plaintiff's counsel, Thomas Casey, did not present his fees to the Court pursuant to Local Rule 54.1.2. On February 26, 2008, Mr. Casey filed a Motion for Attorney Fees, which contains a supporting affidavit and a detailed accounting of his legal fees.

Defendant Specialty Elastomers remains as a party in this action. Specialty Elastomers is represented by Attorney Jeffrey Collins. Mr. Collins served as United States Attorney for this District from 2001 to 2004. Mr. Collins also attends the church of the undersigned. On January 16, 2008, the Court informed the parties at sidebar of this fact, but indicated that Mr. Collins has previously appeared before the Court. That same day, defense counsel indicated to the Court, by facsimile, that his client sought to disqualify the undersigned. Defense counsel was subsequently informed that a request for disqualification would need to be presented formally, by motion, to the Court; that motion was filed on June 2, 2008.

### III. STANDARD OF REVIEW & APPLICABLE LAW

    A.    <u>Attorney Fees</u>

Local Rule 54.1.2 governs the process by which an attorney of record may request attorney fees, if applicable. *See* LR 54.1.2. Rule 54.1.2 provides, in pertinent part:

> (a) A motion for attorneys' fees . . . pursuant to Fed. R. Civ. P. 54(d)(2) must be filed no later than 28 days after entry of judgment.
>
> (b) A motion for an award of attorneys' fees shall be supported by a memorandum brief as to the authority of the court to make such an award, and as to why the movant should be considered the "prevailing party," if such is required for the award. **The motion shall also be supported by an affidavit of counsel setting out in**

> **detail the number of hours spent on each aspect of the case, the rate customarily charged by counsel for such work, the prevailing rate charged in the community for similar services, and any other factors which the court should consider in making the award.** Within 14 days after filing of the motion, the party or parties against whom the award is requested shall respond with any objections thereto and accompanying memorandum setting forth why the award is excessive, unwarranted, or unjust.

LR 54.1.2 (emphasis added). The Court has discretion to award attorney fees. *Hashem-Younes v. Danou Enterprises, Inc.*, 2008 WL 786759, at *1 (E.D. Mich. March 20, 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Tahfs v. Proctor*, 316 F.3d 584, 594 (6th Cir.2003); and *Reed v. Rhodes*, 179 F.3d 453, 469 n. 2 (6th Cir.1999)).

B.  Recusal

The trial judge herself must rule on a motion to recuse under 28 U.S.C. § 455. *See In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1312 (2d Cir. 1988) ("Discretion is confided in the district judge in the first instance to determine whether to disqualify [herself]."); *see also Schurz Communications, Inc. v. FCC,* 982 F.2d 1057, 1059 (7th Cir. 1992) ("Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge.") (quoting *United States v. Balistrieri,* 779 F.2d 1191, 1202-03 (7th Cir. 1985); *Lambert v. Blackwell,* 2001 WL 410639, at *2 n.2 (E.D. Pa. Apr. 20, 2001) ("It is well-established, if not entirely intuitive, that the resolution of such a motion is entrusted to the judge who is the subject of the motion."). More recent Sixth Circuit cases have noted that a recusal motion is committed to the sound discretion of the district court and the standard of review is

3

whether the court abused its discretion. *Wheeler v. The Southland Corp.,* 875 F.2d 1246, 1251 (6th Cir. 1989); *United States v. Sammons,* 918 F.2d 592, 599 (6th Cir. 1990); *Easley v. University of Michigan Bd. of Regents,* 853 F.2d 1351, 1356-58 (6th Cir. 1988); *see also United States v. Sturman,* 951 F.2d 1466 (6th Cir. 1991); *Rhodes v. McDaniel,* 945 F.2d 117 (6th Cir. 1991); *In re Aetna Cas. & Sur. Co.,* 919 F.2d 1136 (6th Cir. 1990). Even if the parties do not move for recusal, section 455 creates an independent duty requiring federal judges to evaluate in every case whether they should disqualify themselves. 28 U.S.C. § 455; *Aronson v. Brown,* 14 F.3d 1578, 1581 (Fed. Cir. 1994); *Alexander v. Primerica Holdings, Inc.,* 10 F.3d 155, 162 (3d Cir. 1993); *Taylor v. O'Grady,* 888 F.2d 1189, 1200 (7th Cir. 1989); *In re Manoa Fin. Co.,* 781 F.2d 1370, 1373 (9th Cir. 1986).

The statute, 28 U.S.C. § 455, sets forth two separate grounds for disqualification. Section 455(a) sets out a general standard requiring a judge to disqualify herself "in any proceeding in which [her] impartiality might be reasonably questioned." 28 U.S.C. § 455(a). Section 455(b) lists a number of specific instances in which recusal is mandatory. *See Liteky v. United States*, 510 U.S. 540, 546 (1994). The statute further states that a judge should inform herself about her personal and fiduciary financial interests and make a reasonable effort to inform herself about the personal financial interests of her spouse and minor children residing in the household. 28 U.S.C. § 455(c). A judge cannot accept a waiver of any ground for disqualification set forth in 28 U.S.C. § 455(b). 28 U.S.C. § 455(e). Disqualification under § 455(b) is therefore mandatory. *In re Initial Public Offerings Securities Litigation,* 174 F. Supp. 2d 70, 73 (S.D. N.Y. 2001). Applying § 455(b) to the

4

facts before the Court in this case, Plaintiff has not shown that mandatory disqualification is appropriate in this case. Plaintiff also has not shown that disqualification under § 455(c) applies since the undersigned's personal financial interests are not at issue in this case.

Section 455(a) is the "catchall" recusal provision which states, "[a]ny justice, judge, or magistrate of the United States shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned." Prejudice or bias sufficient to justify recusal must be personal or extrajudicial. *In re M. Ibrahim Khan, P.S.C.,* 751 F.2d 162, 164 (6th Cir. 1984). "Personal bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *United States v. Nelson,* 922 F.2d 311, 319-20 (6th Cir.1990). Personal bias may arise from the judge's background or associations which "results in an opinion on the merits on some basis other than what the judge learned from participation in the case." *Id.* Personal bias finding its source in the judge's view of the law is not sufficient to warrant disqualification. *United States v. Story,* 716 F.2d 1088, 1090 (6th Cir.1983). Disagreement with a judge's decision or ruling is not a basis for disqualification. *Liteky v. United States,* 510 U.S. 540, 555-56 (1994). In making its determination, a court must remember that "where the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited." *In re Aguinda,* 241 F.3d 194, 201 (2d Cir. 2001).

**IV.   ANALYSIS**

    A.   <u>Attorney Fees</u>

Plaintiff Michigan Technical Representatives ("MTR") moves the Court for attorney fees. The Sixth Circuit employs the lodestar method to calculate reasonable attorney fees. *See B & G Min., Inc. v. Director, Office of Workers' Compensation Programs*, 522 F.3d 657, 662 (6th Cir. 2008) (noting that the loadstar approach "has . . . become the guiding light of our fee-shifting jurisprudence"). The loadstar fee represents "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 661. "To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record . . . [and] not necessarily the exact value sought by a particular firm." *Id.* at 663 (internal quotations and citations omitted).

Plaintiff's counsel indicates that he has been a licensed attorney in the State of Michigan since 1967. He further indicates that he has specialized in disputed commission cases for forty years, and that his legal fee of $350 an hour for such work is reasonable and customarily charged in the community. Attached to his motion for attorney fees, he includes a page from the *Michigan Lawyers Weekly*, which indicates that hourly billing rates for partners in this region range from $245 to $625. Also attached to his motion is a time summary sheet, which indicates that he spent 222.5[1]

---

[1]Mr. Casey indicates in his billing summary that he spent 25 hours, from 2004 to 2008, on 100 phone conversations at an estimated 15 minutes per call. He also indicates in his billing summary that he spent 15 hours, from 2004 to 2008, on correspondence. Although it is customary to provide specific time and date billing entries, the Court will, on this occasion, accept counsel's submission of the entries. Two fifteen-minute telephone conversations per

hours representing his client in this case on matters pertaining to Defendant Mold-Ex. The total fee sought by Mr. Casey is $77,875.00 (222.5 hours x $350 per hour).

The Court concludes that fee sought by Mr. Casey is reasonable, based upon the rates that lawyers of comparable skill and experience could reasonably expect to command within this District. Accordingly, the Court awards Mr. Casey $77,875.00 in attorney fees against Mold-Ex.

B.  Recusal

MTR moves the Court for the disqualification of the undersigned. MTR seeks disqualification, because Defendant Specialty Elastomers' counsel attends the same church as, and is a friend of, the undersigned. Defendant Specialty Elastomers maintains that membership in the same church, without a showing of actual bias, is not sufficient to warrant disqualification.

Mr. Collins' relationship with the undersigned was disclosed to the parties at the January 16, 2008 damages hearing. That disclosure revealed that Mr. Collins attends the same church as the undersigned, and that Mr. Collins is a casual friend of the undersigned.

The Court concludes that recusal is not warranted under the facts of this case, because a relationship of this type generally is not sufficient to warrant recusal. *E.g., Blackwell v. United States*, 2008 WL 1696947, at *2 (S.D. Ohio April 9, 2008 ) (citing *United States v. Vaught*, 133 Fed. Appx. 229, 232-33 (6th Cir. May 23, 2005) and *United States v. Dandy*, 998 F.2d 1344, 1349 (6th

---

month and less than twenty minutes per month of written correspondence appear to be reasonable client charges in this case.

Cir.1993)). As noted by the Seventh Circuit:

> That a judge knows someone does not require recusal. An active lawyer who takes the bench will always know a good many of the lawyers that appear in court and is also likely to know some persons who are parties or who work for corporations or agencies who are parties. The judge must look to the strength of the relationship to decide recusal.

*Arbogast v. Alcoa Bldg. Products*, 1998 WL 551933, at *4 (7th Cir. Aug. 27, 1998). Here, the strength of the Court's relationship with Mr. Collins does not warrant recusal.[2] Plaintiff does not allege that Mr. Collins has a particularly personal, or fiduciary relationship with the undersigned. Rather, Plaintiff alleges facts to describe what the courts have characterized as "mere acquaintance." The relationship here is more than "mere acquaintance," but because Plaintiff's allegations do not establish the strength of relationship in which a judge's impartiality is reasonably questioned, Plaintiff's Motion for Recusal fails. "That a judge knows someone does not require recusal." *Arbogast*, 1998 WL 551933, at *4. "[W]here the standards governing disqualification have not been met, disqualification . . . is prohibited." *In re Aguinda*, 241 F.3d at 201. Accordingly, Plaintiff's Motion for Recusal is denied.

V. **CONCLUSION**

---

[2]Mr. Collins, his wife, and his parents are members of the church where the undersigned is also a member and her husband is the pastor. Mr. Collins and the undersigned see each other periodically at church, social and bar association events. Mr. Collins appeared in cases before the undersigned in state court and members of Mr. Collins' staff practiced before the undersigned when he was the United States Attorney for the Eastern District of Michigan. His wife, also an attorney, has appeared before the undersigned.

In light of the foregoing,

IT IS ORDERED that Plaintiff's Motion for Attorney Fees [Dkt. # 73, filed February 26, 2008] is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Recusal [Dkt. # 80, filed June 2, 2008] is **DENIED**.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: July 22, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 22, 2008, by electronic and/or ordinary mail.

        S/Lisa Ware for William F. Lewis
        Case Manager